The opinion of the Court was delivered by
Tilghman C- J.
The question in this case is, whether the burgesses and assistants of the borough of Greensburg had *355 a right to assess and levy a tax on the court house, and other public property, belonging to the county of Westmoreland, and-situate within the limits of the said borough.
The town of Greensburg, in the county of Westmoreland, was erected into a borough, by act of assembly, on the 9th Feb. 1799. (5. Car. and Bi. L. 362’.) By the 4th sect, of the act, the burgesses ,and assistants are authorised, “ to make such ordinances, rules, and regulations, as-may be necessary for improving, and keeping in order, the streets, and alleys, within the said borough, and removing nuisances, or obstructions therefrom, and the same, to annul, alter, or make anew, as occasion may require, and also, to assess, levy, and collect a tax, for the said purposes,” &c. And in laying the assessment, they are to be governed by the valuation of taxable property, taken from the last assessment. Now if this law is taken literally, it would be impossible to tax the property the county, because, there never was any valuation of such property, in any -former assessment. Then, if we consider the l-easonableness of the thing, and the probable intent the legislature, there is great cause for exempting the public property of the county, from borough taxes. Before the erection of the borough, two main roads through the town of Greensburg, were probably sufficient for the accommodation of the county; and these were kept, in repair, at the expense of the county. But the inhabitants of the borough require a number of streets, and alleys, for their own particular accommodation, in which the inhabitants of the county general, have no concern, and therefore, ought not to be taxied for keeping them in repair. The general understanding has been, that the property of counties was not taxable for city or borough purposes. I have made enquiry in the city of Philadelphia, and find, that the public buildings, &c. belonging to the county, have never been taxed. So that far as long usage goes, the construction has been fixed. • I am therefore of opinion, that the property of the county of Westmoreland, was not liable to taxation, and that the judgment should be reversed.
Judgment reversed’.